■ HANSEN PUBLICATIONS, INC., Appellant, v. ATZAL MUSIC, INC., Respondent.— Judgment, Supreme Court, New York County entered on July 26, 1971, dismissing the complaint, after nonjury trial, unanimously reversed, on the law and the facts, and judgment directed for plaintiff-appellant, and the case remanded for assessment of plaintiff's damages to Supreme Court, New York County, before another Justice, unless the parties shall stipulate as to the amount of such damages. Appellant shall recover of respondent $50 costs and disbursements of this appeal. Prior to 1965, plaintiff-appellant, a publisher of popular music, owned the publishing rights to certain musical compositions belonging to a group of companies controlled by the Kingston Trio (herein "Kingston Group"), and paid royalties accordingly on earnings derived from sheet music sales. Defendant-respondent succeeded, under a series of agreements dated November 5, 1965, to the rights of the Kingston Group, and plaintiff contracted at the same time with defendant to continue to enjoy the publishing rights, agreeing to pay royalties to defendant, as a minimum, in 10 semiannual $5,000 payments, and to account periodically for the royalties earned. By a rider to the November 5 contract, its effective beginning was tied to the beginning of the agreement between defendant and the Kingston Group, with credit to be given to plaintiff by defendant for any royalties paid by plaintiff to the Kingston Group "from that date forward", and the right to plaintiff to deduct from the total amount due defendant to the end of 1965 "any amounts that they [plaintiff] have previously paid to * * * Kingston * * * during the same period." Though the date of the contract between defendant and the Kingston Group was actually July 1, 1965, plaintiff did not know this on November 5; therefore the rider, relating the one agreement's beginning to the other's. This was underscored by a letter to this effect, sent by plaintiff to defendant later in November, 1965, and accepted by the latter. The $50,000 minimum guarantee was paid without deduction for upwards of $20,000 alleged to have been paid by plaintiff to the Kingston Group between July 1 and the end of 1965. When plaintiff discovered its error in failing to offset, it made demand on defendant for the overpayment, and defendant refused to pay. Hence this action, Trial Term finding the effective date of the agreement to have been November 5, and not July, and that the late November letter from plaintiff to defendant, accepted by the latter, was ambiguous. It is clear, on any fair reading, that the two documents, the rider and the letter, say the

same thing: that plaintiff was entitled to be credited by defendant, against the guaranteed minimum of royalties, with any payments made to the Kingston Group post July 1, 1965. We find accordingly, in place of Trial Term's findings. Defendant raises a claim of laches for the first time on appeal, and, having been neither pleaded nor proven, it is not considered. We would direct entry of judgment outright with interest from the date of plaintiff's demand, but, rendering that decision which Trial Term should have made on the unambiguous documentary evidence, we find that the precise amount due is not clear because of claims made by defendant for additional credit by reason of certain payments made after July 1, 1965, but said to have been for royalties due earlier. We remand for assessment accordingly, entry of judgment to be with interest from the date of plaintiff's demand. The assessment may be obviated on settlement of the order to be entered hereon by stipulation of the parties as to the correct amount, in which event judgment shall be directed for the stipulated amount, with interest. Settle order on notice. Concur — Stevens, P. J., McGivern, Markewich, Murphy and McNally, JJ.